**In re James N. GARRETT.**

**James M. GARRETT, Plaintiff,**

**v.**

**W.J. WALKER, William T. Walker, and Morgan Building Systems, Inc., Defendants.**

Bankruptcy No. 94–41062S.
Adv. No. 94–4144.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 24, 1994.

Terry R. Ballard, Little Rock, AR, for debtor-plaintiff.

W.J. Walker, Little Rock, AR, for defendants.

Randy Rice, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the complaint for turnover, filed on June 15, 1994. On the same day that the petition-in-bankruptcy was filed, June 2, 1994, the debtor's 1978 Ford Bronco was sold by the Sheriff to William T. Walker. Debtor seeks return of that vehicle in which he claims exemptions pursuant to 11 U.S.C. § 522(d)(2), (5). The defendants concede

that property seized and sold in a sale which does not comply with state law can be recovered, citing *In re Koresko,* 91 B.R. 689 (Bankr.E.D.Pa.1988).

Morgan Building Systems, Inc., through its attorney W.J. Walker, obtained a judgment against the debtor plaintiff. On May 19, 1994, the sheriff executed on the judgment, seizing a 1978 Ford Bronco owned by the debtor. At that time, the sheriff orally advised debtor that a sale would be held in ten days time. The debtor received no other advice or notice of the sale.

Jim Halliburten, an individual who restores vehicles for resale, learned of the seizure and, intending to bid for the Bronco at the sale, sought information on the sale. He searched places he thought notice might be posted and searched the legal notices in the newspapers each day, without result.

On June 2, 1994, W.J. Walker appeared at the Phillips Brothers wrecker service with his grandson, William T. Walker. Although he had "just come along" with his grandfather, William Walker purchased the Bronco for $500. Over $300 of that sum was payable to Phillips Brothers for storage fees. No other bidders appeared. The vehicle is restored, or partially restored,[1] with a value of $3,000 due to its mechanical condition, a rebuilt motor, new steering and new tires. Title has not been transferred to William Walker.

■ The debtor has an interest in the vehicle that is property of the estate since the sale was never completed by transferring title in the vehicle. Under Arkansas law, upon execution of an instrument testifying the sale and payment of the purchase price, the sheriff may convey "all the right, title, and interest which the debtor had in and to the property sold." Ark.Code Annot. § 16–66–420. Since title to the vehicle was never transferred, the debtor, at a minimum, holds legal title to the property.

Moreover, inasmuch as the sale of the vehicle was improperly noticed, the sale was ineffective such that the debtor retained an equitable interest in the vehicle. *See Jennings v. Carter,* 53 Ark. 242, 13 S.W. 800 (Ark.1890). The evidence was unrebutted, and, amazingly, uncontroverted that there were significant problems regarding notice of the sale.[2] A third-party, learning of the sale searched, but was unable to find information regarding the sale. The only evidence that any notice was even attempted, was the grandson's testimony that he saw a posting at the location of the sale.

While it is true that a noncollusive real estate foreclosure sale, conducted in accord with state law conclusively satisfies the Bankruptcy Code requirement that a transfer be for reasonably equivalent value, *BFP v. Resolution Trust Corp.,* —— U.S. ——, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), this Court has no difficulty finding that the sale was neither conducted in accord with state law, nor was noncollusive. The failure to meet statutory noticing requirements, combined with the fact that the attorney for the executing plaintiff had his grandson purchase the vehicle, indicates to the Court the collusive nature of the sale. The grandson does not appear to be using the vehicle for transportation. Nor does it appear, from his demeanor and testimony, that he had any interest in purchasing the vehicle. The conclusion that the grandson was present solely to bid at Walker's behest is supported by Walker's testimony that he brought his grandson to the sale as "insurance."

Inasmuch as the Court determines that the sale was invalid, and that debtor is entitled to the return of the vehicle, the Court need not address the other issues raised by the debtor. It is

**ORDERED** that the defendants shall turnover the 1978 Ford Bronco to the debtor within ten (10) days of entry of this Order. A separate judgment will be entered pursu-

---

1. Inasmuch as the debtor was in the process of restoring the vehicle when it was seized, much of the interior is in the debtor's living room.

2. Despite the fact that a Pulaski County Sheriff testified, there was no evidence that notice was proper. Indeed, the deputy sheriff's facial expressions at various points in his testimony were telling.

ant to Rules 7052, 9021 Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED.**